# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 15, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | |
| MARIA L. ISON, | * | No. 19-1918V |
| | * | |
| | * | |
| Petitioner, | * | Special Master Young |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

*Richard H. Moeller*, Moore, Heffernan, et al., Sioux City, IA, for Petitioner
*Madelyn Weeks*, United States Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 15, 2024, Maria Ison ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$94,326.64.** Pet'r's Mot. Int. Attorneys' Fees & Costs at 1, ECF No. 46 [hereinafter "Fees App."]. This amount consists of **$67,541.10** in fees and **$26,785.54** in costs. *Id.* On August 29, 2024, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 47. In his response, Respondent stated that he would "defer[] to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

## I. Procedural History

On December 18, 2019, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] Pet., ECF No. 1. The same day, she filed medical records along with an affidavit. ECF No. 1. Petitioner filed a compact disc containing exhibit photos and her statement of completion on December 20, 2019. ECF Nos. 6–7. Medical records were filed by Petitioner on January 19, 2021. ECF No. 19.

Respondent filed his Rule 4(c) report on June 14, 2021. ECF No. 24. This case was then referred to alternative dispute resolution ("ADR") with Chief Special Master Corcoran on June 27, 2022, which concluded on September 27, 2022. ECF Nos. 31, 33. Petitioner filed additional medical records on January 16, 2023. ECF No. 35. On April 5, 2023, Petitioner filed an expert report from Alan E. Rubenstein, M.D., his curriculum vitae ("CV"), and accompanying medical literature. ECF No. 38.

Respondent filed an expert report from Abhay Moghekar, M.B., B.S., his CV, and accompanying medical literature on August 21, 2023. ECF No. 42. Petitioner filed a responsive expert report from Dr. Rubenstein on November 10, 2023. ECF No. 43. Respondent filed a supplemental expert report from Mr. Moghekar along with medical literature on March 18, 2024. ECF No. 44. On June 17, 2024, Petitioner filed a supplemental expert report from Dr. Rubenstein. ECF No. 45.

Petitioner filed her motion for interim attorneys' fees and costs on August 15, 2024, and Respondent filed his response on August 29, 2024. ECF Nos. 46–47. On August 29, 2024, Petitioner filed her reply to Respondent's response. ECF No. 48. This matter is now ripe for consideration.

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2018). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for over four years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner has submitted an itemization of attorney fees, a summary and documentation of costs, and an attorney affidavit. *See generally* Pet'r's Exs. 60–62, ECF No. 46. Petitioner's counsel has requested a total of **$94,326.64** in fees and expenses, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Fees App. at 1. Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III. Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2025 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Richard H. Moeller, $300 per hour for work performed in 2019, $341 per hour for work performed in 2020, $363 per hour for work performed in 2021, $379 per hour for work performed in 2022, $408 per hour for work performed in 2023, and $436 per hour for work performed in 2024; for Ms. Nikki K. Nobbe, $200 per hour for work performed in 2019, and $242 per hour for work performed in 2020 and 2021; for Ms. Coyreen R. Weidner, $100 per hour for work performed in 2019,[4] $220 per hour for work performed in 2021, and $274 per hour for work performed in 2022; for Ms. Kaitlin T. Boettcher, $220 for work performed in 2020; and for Brett Marek, $150 per hour for work performed in 2020 and 2021. Fees App. at 4–5.

Petitioner also requests the following rates for work of her counsel's paralegals: $85 per hour for work performed in 2019, $95 per hour for work performed in 2020, $110 per hour for work performed in 2021, $125 per hour for work performed in 2022, $137 per hour for work performed in 2023, and $150 per hour for work performed in 2024.[5] *Id.*

The undersigned has reviewed the hourly rates requested by Petitioner for the work of her counsel throughout the duration of this case. The hourly rates requested for these individuals are consistent with what they have previously been awarded for Vaccine Program work, and the undersigned finds them to be reasonable for work performed in the instant case. *See, e.g.*, *Lau v. Sec'y of Health & Hum. Servs.*, No. 19-1956V, 2025 WL 733369 (Fed. Cl. Spec. Mstr. Feb. 11, 2025); *Greer v. Sec'y of Health & Hum. Servs.*, No. 18-1953V, 2024 WL 1366362 (Fed. Cl. Spec. Mstr. Mar. 6, 2024); *Zielinski v. Sec'y of Health & Hum. Servs.*, No. 18-1075V, 2023 WL 3778890 (Fed. Cl. Spec. Mstr. June 2, 2023).

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is "well within the special master's discretion to reduce the hours to a number that,

---

[3] The OSM Fee Schedules are available at: https://www.cfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] Petitioner stated that "[a]t this time, Ms. Weidner was a lawyer, with several years of experience, but not yet licensed to practice in Iowa. This rate reflects that the services provided by her in this case, at that time, were more akin to those of a paralegal or beginning lawyer." Fees App. at 5 n.1.

[5] It is noted that certain paralegals performed work at rates lower than the amount requested. In 2021, one paralegal billed at a rate of $75 per hour for work performed in 2021, and a different paralegal billed at a rate of $60 per hour for work performed in 2022. Fees App. at 6. The variances in billing rates have been reflected in the total amount requested by Petitioner.

in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Petitioner requests a total of **$67,541.10** for attorney fees. Fees App. at 1.

Upon review, I find the total hours expended on this matter to be reasonable. Petitioner submitted a comprehensive billing statement that provides detailed descriptions of the services rendered by counsel and paralegals. *See* Pet'r's Ex. 60. Petitioner has adequately explained that the time entries, including those reflecting interoffice communications or potentially duplicative billing, were necessary for the effective prosecution of the case and were further mitigated by discounted billing entries and the application of reduced hourly rates for services performed by Ms. Nobbe, Ms. Boettcher, Ms. Weidner, and Ms. Jones. *See* Fees App. at 18. I agree with Petitioner's assessment. Here, the record entries accurately describe the nature and duration of the work performed, which appear to add value to this case. *P.S. v. Sec'y of Health & Hum. Servs.*, No. 16-834V, 2022 WL 16635456, at *19 (Fed. Cl. Spec. Mstr. Oct. 6, 2022) ("It is well-established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." (citing *Bell v. Sec'y of Health & Hum. Servs.*, 18 Cl. Ct. 751, 760 (Fed. Cl. 1989))); c*ompare Rayner v. Sec'y of Health & Hum. Servs.,* No. 13-417V, 2015 WL 2358086, at *5 (Fed. Cl. Spec. Mstr. Apr. 20, 2015) (reducing attorney fees after noting that petitioners' billing entries for interoffice meetings did "not appear to add value to the case.").

### C. Costs

Petitioner requests **$26,785.54** in total for costs, which includes $24,631.30 in expert fees. Fees App. at 1. Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Regarding expert fees, "[t]he question is not whether [the expert] expended the numbers of hours claimed, but whether it was necessary or reasonable for him to do so." *Baker v. Sec'y of Health & Hum. Servs.*, No. 99-653V, 2005 WL 6122529, at *4 (Fed. Cl. June 21, 2005) (quoting *Wasson v. Sec'y of Health & Hum. Servs.*, No. 90-208V, 1991 WL 135015, at *3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24. Cl. Ct. 482, 483 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)). An expert retained by petitioners in the Vaccine Program will only be compensated at a reasonable hourly rate, and petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Smith v. Sec'y of Health & Hum. Servs.*, No. 18-0043V, 2020 WL 1243238, at *9 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (citing *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $5,000.00 in costs related to Dr. Rubenstein's expert fees. Fees App. at 19. Dr. Rubenstein required a $3,500.00 retainer, which was applied to services rendered at an hourly rate of $600. Pet'r's Ex. 61 at 84. In addition to the work covered by the retainer, Dr. Rubenstein billed for an additional two hours to "[r]eview additional records and draft addendum report" and .5 hours to "[d]raft supplemental report." *Id.* at 88, 90. Petitioner submitted sufficient documentation substantiating the total cost incurred, including invoices and proof of payment. *Id.*

5

at 82–90. Accordingly, I will grant reimbursement of Dr. Rubenstein's fees in the amount requested, without making a determination at this time as to the reasonableness of his hourly rate.[6]

Petitioner also seeks reimbursement of $3,000.00 for a retainer fee paid to Merrill E. Gershwin, M.D., for his review and analysis of Petitioner's medical records. Fees App. at 14; *see* Pet'r's Ex. 61 at 20. Although Dr. Gershwin did not produce a written expert report, it is evident from the record that he was consulted in the development of Petitioner's case. Such costs are commonly incurred in Vaccine Program litigation, were reasonably expended under the circumstances of this case, and do not duplicate fees billed by Petitioner's counsel. These costs are therefore reimbursable.

Petitioner also seeks reimbursement for costs incurred in connection with Laura Woodard, M.A., a rehabilitation counselor retained to provide life care planning services. Fees App. at 21. Petitioner advanced $2,500.00 for fees related to Ms. Woodard's services and has a remaining balance of $14,131.30. *Id.* I have reviewed Ms. Woodard's billing records and find that the hours billed (78.42) and the hourly rates of $185 and $225 are reasonable for the work performed in this matter. *See* Pet'r's Ex. 61 at 71–74; *Mayer v. Sec'y of Health & Hum. Servs.,* No. 20-1434V, 2023 WL 4393328 (Fed. Cl. Spec. Mstr. June 6, 2023) (awarding ReEntry Rehabilitation Services, Inc. hourly rates of $185 and $225 for work performed); *Scott v. Sec'y of Health & Hum. Servs.,* No. 18-915V, 2024 WL 4503643, at *6 (Fed. Cl. Aug. 22, 2024) ("ReEntry Rehabilitation life care planners have been previously compensated at this rate [$185.00 per hour or $225.00] per hour for similar work.").

The additional incurred costs are from postage, photocopying, and medical record charges. Fees App. at 19; *see* Pet'r's Ex. 61. There is sufficient documentation for these costs. Therefore, I find that the requested costs are reasonable and should be awarded in full.

## IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I award Petitioner **$67,541.10** in interim attorneys' fees, plus **$26,785.54** in interim costs as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $67,541.10 |
| (Reduction) | -$0 |
| **Interim Attorneys' Fees Awarded** | **$67,541.10** |
| | |
| Interim Costs Requested | $26,785.54 |

---

[6] Dr. Rubenstein, a board-certified physician in psychiatry, neurology, and neuroimaging, received his medical degree from Tufts University School of Medicine. Pet'r's Ex. 47 at 1, ECF No. 38-2. However, he does not have extensive experience in the Vaccine Program. Based on Dr. Rubenstein's qualifications and limited experience in the Program, his requested rate is higher than the typical amount awarded to new experts in the program. He is well qualified to provide an expert opinion in the Vaccine Program, but his requested rate of $600 has been reserved for experts who have "highly specific area of expertise or for experts who have testified frequently in the Vaccine Program." *Howells v. Sec'y of Health & Hum. Servs.,* No. 17-142V, 2023 WL 3750380, at *8 (Fed. Cl. Spec. Mstr. June 1, 2023); *Smith v. Sec'y of Health & Hum. Servs.,* No. 22-498V, 2024 WL 3913509, at *3 (Fed. Cl. Spec. Mstr. July 15, 2024) ("Higher rates are deemed reasonable when an expert demonstrates a specific expertise."). Additionally, Petitioner has not provided any justification to support the reasonableness of the requested hourly rate.

| (Reduction) | -$0 |
|---|---|
| **Interim Costs Awarded** | **$26,785.54** |
| **Total Amount Awarded** | **$94,326.64** |

Accordingly, Petitioner is awarded attorneys' fees and costs in the total amount of **$94,326.64** to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[7]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young
Herbrina D.S. Young
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.